**In re Myron D. LESTER.**

**No. 09–08–086 CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 10, 2008.

Decided May 15, 2008.

Gerald R. Flatten, Rienstra, Dowell & Flatten, Beaumont, for relator.

Michelle Dishon Ferguson, Orange, for real party in interest.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

PER CURIAM.

This is an original proceeding in which the relator, Myron D. Lester, challenges the trial court's denial of his motion to transfer to Fort Bend County, Texas, a suit affecting his custodial rights over his son. We find the trial court did not abuse its discretion in denying Myron's motion to transfer venue or in denying his motion for reconsideration; therefore, we deny Myron's request for mandamus relief.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2005, Myron D. Lester and Essene Bell obtained a divorce in Maryland. During their marriage, they had one child, J.L., who was born in September 2000. The Maryland court's judgment of divorce approved and incorporated Myron's and Essene's written agreement about J.L.'s custody arrangement.

Both the divorce decree and the parties' written agreement provided that the written agreement's terms were not merged into the court's judgment.[1] With respect to J.L.'s custody, the written agreement between Myron and Essene provided that they would share legal and physical custody and that they were to make "all major decisions jointly concerning anything affecting the life of their child, including, but not limited to health care, day care, schooling, religious training, special activities and similar needs." During the majority of the year, the agreement required the parties to alternate their visitation with J.L. on a weekly basis. After the divorce, Myron, Essene, and J.L. moved to Texas. In June 2006, Essene purchased a house in Beaumont. In November 2006, Myron purchased a home in Missouri City, Texas.

---

1. Under Texas law, when both parents are appointed conservators of a child, the court is generally required by statute to specify the rights and duties of each parent independently, the rights and duties to be exercised by joint agreement, and the rights and duties to be exercised exclusively by one parent. Tex. Fam.Code Ann. § 153.071 (Vernon 2002), § 153.073(b) (Vernon Supp.2007). The custodial terms established by the trial court in its possession order are required to be specified. *See generally id.* at §§ 153.071, 153.253, 153.316 (Vernon 2002). In contrast, Maryland law appears to allow parties to execute agreements that are either incorporated into the court's divorce decree or incorporated, but not merged, into the decree. *See* Md.Code Ann., Fam. Law § 8–105(a),(b) (LexisNexis 2008). Under Maryland law, in either situation, agreements made by the parties incident to a divorce remain subject to modification by subsequent court order. Md.Code Ann., Fam. Law § 8–105(b)(2).

In July 2007, after J.L. attended kindergarten in Jefferson County, Essene filed her "Motion To Register Foreign Judgment And Modify Same" in the District Court of Jefferson County, Texas. Essene's motion requests that she and Myron be named J.L.'s joint managing conservators and that she be designated "as the person who has the exclusive right to designate the primary residency of the child."

After Essene served Myron with her motion, he moved to transfer venue of the proceeding to his residence in Fort Bend County, Texas. Myron's motion to transfer asserts that the Maryland divorce decree did not "name either parent as the managing conservator, custodian or guardian of the person of the child," and that he and J.L. resided in Fort Bend County on the date Essene filed her suit in Jefferson County.

On October 31, 2007, the trial court heard Essene's motion to register the judgment and Myron's motion to transfer venue. At the October hearing, Myron argued that chapter 103 of the Texas Family Code, which applies to original proceedings, required the trial court to transfer the case to Fort Bend County because it was the county in which the parent having actual care, custody, and control of the child resided on the date the suit was filed. *See* TEX. FAM.CODE ANN. § 103.001(c)(2) (Vernon 2002); *In re Narvaiz*, 193 S.W.3d 695, 700 (Tex.App.-Beaumont 2006, orig. proceeding). At the hearing, Essene did not dispute that the child was in Myron's actual care on the date she filed her motion. Instead, Essene argued that the proceeding before the court was a modification proceeding and not an original proceeding, thus, making chapter 103 of the Family Code inapplicable. Subsequently, the trial court entered orders registering the Maryland divorce decree and denying Myron's motion to transfer venue.

Myron subsequently filed a motion in which he requested that the trial court reconsider its ruling. In the motion for reconsideration, Myron reasserted his prior argument that Essene's motion was an original proceeding that, under the circumstances in this case, created proper venue in Fort Bend County. Additionally, and for the first time, Myron pointed out that Essene failed to file a controverting affidavit in response to his motion to transfer. As a result, Myron argues that the trial court's duty to transfer was mandatory. Without entering any findings after conducting a second hearing, the trial court also denied Myron's motion to reconsider.

Myron then filed a petition requesting that we issue a writ of mandamus directing the trial court to vacate its orders and suggesting that we direct the trial court to transfer the case to Fort Bend County. In his petition, Myron asserts that the trial court was required to transfer the suit because Essene failed to controvert his motion to transfer and because Essene's petition was an original proceeding to adjudicate issues related to J.L.'s custody.

## DISCUSSION

### A. Modification or Original Proceeding?

▇▇▇ No one disputes that the child and both parents moved to Texas prior to Essene's filing her suit in Jefferson County, Texas. At the venue hearing, the court heard evidence concerning J.L.'s residence in Jefferson County that showed he had attended kindergarten in Beaumont during the prior school year and that on most school nights during the year, he resided either with his mother, who lived in Beaumont, or at a local hotel with his father. At the time of the hearing, J.L. was attending first grade in Beaumont.

A court with continuing exclusive jurisdiction may modify an order that provides for conservatorship, support, or possession of and access to a child. TEX. FAM.CODE ANN. § 156.001 (Vernon 2002). Generally, a court in Texas registers but may not modify child custody determinations of other states. *Id.* at § 152.306(b) (Vernon 2002); *see also id.* at § 152.305 (Vernon 2002). However, an exception to that general rule applies when a court of this state determines that the child and the child's parents do not presently reside in the other state, in which case a Texas court can exercise jurisdiction to modify the other state's child custody determination. *Id.* at § 152.203 (Vernon 2002). When a Texas court exercises jurisdiction in such a case, it becomes the court of exclusive continuing jurisdiction over the determination until the child and one of the parents no longer have a significant connection with Texas or the child and the parents no longer reside in Texas. *Id.* at § 152.202(a) (Vernon 2002).

The venue dispute arose between the parties because the venue provisions applying to modifications of prior child custody determinations differ from those applying to original proceedings. Venue for original proceedings is controlled by chapter 103 of the Texas Family Code. When the child's parents do not reside in the same county, the Family Code provides a rule to determine the child's residence for purposes of venue for an original suit affecting a parent child relationship ("SAPCR"). TEX. FAM.CODE ANN. § 103.001(c)(2). This section provides, in pertinent part:

> (c) A child resides in the county where the child's parents reside or the child's parent resides, if only one parent is living, except that:
>
> . . . .

> (2) if the parents of the child do not reside in the same county and if a managing conservator, custodian, or guardian of the person has not been appointed, the child resides in the county where the parent having actual care, control, and possession of the child resides[.]

*Id.* If venue is not proper where a party files suit, the trial court "shall transfer the proceeding to the county where venue is proper." *Id.* at § 103.002(a) (Vernon 2002).

However, if the Maryland decree is considered an original proceeding and the Texas proceeding is one seeking to modify Maryland's prior child custody determination, the applicable venue rules are found in chapter 155 of the Texas Family Code. The venue rules for suits to modify place initial venue in the court of continuing, exclusive jurisdiction, but allow a transfer to another county in this state if the child has resided in the other county for a period of six months or longer. *Id.* at § 155.201(b) (Vernon Supp.2007). Essene argues that the applicable venue rule is found in section 155.201 of the Family Code, and requires a transfer to another county in this state only "if the child has resided in the other county for six months or longer." *Id.* at § 155.201(b). Because Myron did not establish that J.L. had resided in Fort Bend County for the required six month period, Essene argues that the trial court did not abuse its discretion in denying Myron's motion to transfer venue.

Therefore, we first address which venue statute applies by determining whether Essene's suit constitutes an original proceeding or a modification of a previous child custody determination. The Texas Family Code defines "modification" as follows:

"Modification" means a child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination.

*Id.* at § 152.102(12) (Vernon 2002). The Texas Family Code further defines "child custody determination" as:

a judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child. The term includes permanent, temporary, initial, and modification orders. The term does not include an order relating to child support or another monetary obligation of an individual.

*Id.* at § 152.102(3) (Vernon 2002).

Based on these definitions, Myron concludes that a child custody determination must result in "an order of a Court and not merely an agreement of the parties." In support of his argument, he relies on *Compania Financiara Libano, S.A. v. Simmons,* 53 S.W.3d 365 (Tex.2001), and asserts that *Compania* stands for the proposition that an agreement that is not merged into a judgment does not have the same force as a judgment. Because Myron and Essene specifically agreed that their custody agreement was not merged into the judgment and because the Maryland decree does not expressly provide for the parent's custody rights, Myron argues that the Maryland proceeding does not constitute a child custody determination.

However, the Maryland decree only needed to provide for J.L.'s custody in order to qualify as a "child custody determination" under the Texas Family Code. TEX. FAM.CODE ANN. § 152.102(3) (Vernon 2002). In our opinion, the Maryland divorce decree is not silent regarding J.L.'s custody. The Maryland divorce decree court provided for J.L.'s custody by allowing the parents to agree to a custody and support arrangement. Because the Maryland court's decree, in effect, gave Myron and Essene the authority to determine the details of J.L.'s custody, even if the specifics of their respective custodial rights and obligations are not contained within the decree itself, the decree contains a "child custody determination" by providing for J.L.'s custody. *See id.*

Second, we observe that Essene's Texas motion to modify sought to change the status quo in several respects. In her motion, Essene requested that she be named as the parent with the exclusive right to designate J.L.'s residence and that Myron be required to pay child support. Under their written agreement, the parties each agreed to support J.L. during each parent's respective period of physical custody of J.L. and to jointly agree on all major decisions regarding him. The decree did not designate Essene as the person with the exclusive right to designate J.L.'s residence.

If granted the relief sought in her motion, the resulting judgment would modify the prior Maryland judgment by eliminating the parents' prior right to make a joint agreement on certain aspects of their custodial rights and replacing that right with the control of the court. Based on the information before this Court, the trial court could reasonably determine that Essene's motion, if granted, constituted a request to change, replace, or supersede terms previously provided by the Maryland court's decree.

Myron cites no cases in his petition holding that the Texas legislature, by defining the term "modification," intended to exclude suits that sought to alter parents' prior agreements that had been incorporated and approved but not merged into a judgment. *See* TEX. FAM.CODE ANN.

§ 152.102(12). *Compania*, relied upon by Myron in his petition for mandamus, concerns whether a settlement agreement that was not merged into a judgment prevented the parties from enforcing the written agreement's settlement terms. *Id.* at 368. In *Compania*, the Texas Supreme Court held that "[s]ettlement terms need not be incorporated into a judgment to be enforceable." *Id.* *Compania*, however, did not involve whether a subsequent suit constituted a modification of a child custody determination, a term that has a specific definition under the Texas Family Code. *Id.* at 366–68. Moreover, we are not faced with a question of the appropriate means of enforcing the terms of a written agreement approved but not merged into a judgment. *Compania*, in our view, does not control the outcome of the issue before us.

In summary, under Texas law, and absent restrictions to the contrary, each parent of a child has a *right* to physical possession of a child and to designate the residence of the child. TEX. FAM.CODE ANN. § 151.001(a)(1) (Vernon Supp.2007). In its decree, the Maryland court, in effect, delegated its power to determine child custody issues to J.L.'s parents and then approved the agreement the parents reached concerning J.L.'s custody. By its terms, Myron's and Essene's written agreement, approved by the Maryland court, obligated them to jointly agree on the types of issues that are now in dispute. Essene's motion requests a modification of the Maryland divorce decree because Essene's motion, if granted, would remove the authority given them jointly under the terms of the Maryland decree. Accordingly, we hold that

the trial court committed no clear abuse of discretion by applying the venue statute for modification proceedings instead of the statute for original proceedings.

## B. Mandatory Duty to Transfer?

■ Myron also contends that section 155.204(c) of the Texas Family Code required the trial court to transfer Essene's case to Fort Bend County because she did not file a controverting affidavit in response to his motion. *Id.* at § 155.204(c) (Vernon Supp.2007). Section 155.204(c) of the Family Code concerns motions to transfer filed under chapter 155 or chapter 262 of the Family Code.[2] *Id.* at § 155.204(a), (b), (i) (Vernon Supp.2007).

In chapter 155, mandatory venue transfers are established by section 155.201 of the Family Code. That section provides:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

*Id.* at § 155.201(b) (Vernon Supp.2007). Essene points out that Myron's motion to transfer and affidavit did not allege that J.L. resided in Fort Bend County for six months. Therefore, Essene contends that the trial court was not required to transfer the case, and she was not required to file a controverting affidavit because Myron's motion and affidavit failed to show Fort Bend County is the county of proper venue.[3]

2. Chapter 262 of the Family Code concerns procedures in suits by governmental entities filed in order to protect the health and safety of a child. TEX. FAM.CODE ANN. §§ 262.001–262.309 (Vernon 2002 & Supp.2007). Those

provisions are not relevant to the matter before us.

3. Also, without citing any authority, Essene contends that Myron waived the mandatory transfer argument that is based on her failure

Because section 155.201(b) makes the trial court's duty to transfer conditional upon establishing a child's residence in another county for a period of six months or longer, we find no abuse of discretion by the trial court when the evidence before it did not establish the required condition. The plain meaning of the statute compels our result. *See State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002).

■■■ Our interpretation of this provision is further reinforced by section 155.204(c) of the Family Code which expressly requires a transfer of a modification proceeding to a "proper court." TEX. FAM.CODE ANN. § 155.204(c). To discern the Legislature's likely intent in using the term "proper court," we presume that the Legislature intended the entire statute to be effective and we further interpret the statute to give effect to every part. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005); *Gonzalez,* 82 S.W.3d at 327. We must consider the statute "as a whole" and not just "isolated portions." *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004). Thus, we apply the well-settled rule of construction " 'that every word in a statute is presumed to have been used for a purpose[,] and . . . that each sentence, clause and word is to be given effect if reasonable and possible.' " *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex. 2000) (quoting *Perkins v. State,* 367 S.W.2d 140, 146 (Tex.1963)). We also presume the Legislature intended a just and reasonable result that is feasible of execution and favors the public interest over any

private interest. *See* TEX. GOV'T CODE ANN. § 311.021(3)-(5) (Vernon 2005). In consideration of these construction aids, we conclude the Legislature likely intended "proper court" to mean a court in a county consistent with the counties to which the Legislature directed courts to send mandatory transfers in the same chapter of the Family Code. *See* TEX. FAM.CODE ANN. §§ 155.201(b); 155.204(c).

In summary, the relevant venue provisions for Essene's suit are those in chapter 155 pertaining to modification proceedings. Under those provisions, in order to obtain a transfer from a court of continuing, exclusive jurisdiction, Myron was required to prove that J.L. resided in Fort Bend County for a period of six months or longer. He did not do so. Thus, we hold that Myron has not shown a clear abuse of discretion by the trial court's denial of his venue motion or by the trial court's denial of his motion for reconsideration. We deny the relief requested by petitioner in his petition.

PETITION DENIED.

---

to file an affidavit because he failed to raise this argument in the trial court prior to or during the first venue hearing. Essene failed to brief her waiver argument. Error may be waived by inadequate briefing. *See* TEX.R.APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284–85 (Tex.1994) (stating that error may be waived by inadequate briefing). We hold that Essene waived this argument.