**Reversed and Remanded and Opinion filed May 16, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00871-CV

### IN THE INTEREST OF K.M., A CHILD

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 66243**

## O P I N I O N

In this restricted appeal involving a suit to modify the parent-child relationship, a mother appeals the default judgment against her that removed her as a joint managing conservator of the child. Because error is shown on the face of the appellate record, we reverse the trial court's judgment and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2005, the trial court issued an order appointing respondent Mary Contreras and Michael Morrow as joint managing conservators of K.M., their minor child. In April 2011, petitioner Anselmo Contreras, Jr., Mary's ex-husband,

filed suit in Montgomery County to modify that order. The case was transferred to Brazoria County. Anselmo attached to his amended petition Michael's signed affidavit of relinquishment of parental rights.

The trial court held a hearing on the matter; Mary did not appear. By written order, signed July 10, 2012, the trial court stated that Mary, "although duly and properly cited, did not appear and wholly made default." As reflected in the order granting modification, the trial court found the material allegations in the petition to be true and that the requested modification was in the best interest of the child. The trial court removed Mary and Michael as a joint managing conservators of K.M. and appointed Anselmo as the child's sole managing conservator. The trial court appointed Mary as a possessory conservator with supervised visitation with the child.

Mary filed this restricted appeal on September 5, 2012, asserting error on the face of the record because there is no affirmative showing that Mary was served with citation. Mary also challenges the legal sufficiency of the evidence to support the trial court's judgment.

## ANALYSIS

To prevail on a restricted appeal, a party must establish that (1) the party filed a notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying suit, (3) the party did not participate in the hearing that resulted in the judgment that is the subject of complaint and did not file any timely post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). It is undisputed that the first three prongs have been satisfied. The parties dispute whether error is apparent on the face of the record. The face of the record includes all papers on file in the

2

appeal, including the clerk's record and the reporter's record. *See DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991).

In contrast to the usual rule that all presumptions will be made in support of a judgment, in a restricted appeal the rule is that there are no presumptions of valid issuance, service, or return of citation when examining the default judgment. *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 133 (Tex. App.— Houston [14th Dist.] 2007, pet. denied). In the absence of an appearance by Mary or a waiver by Mary of service of process, there must be an affirmative showing that Mary was duly served with process, independent of the recitations in the default judgment. *See Harvestons Sec., Inc.*, 218 S.W.3d at 133. Mary contends error is apparent on the face of the record because there is no affirmative showing in the record that she was duly served with process.

The trial court recited in the default judgment that Mary had been duly and properly served with process. But, in a restricted appeal, to withstand a challenge that a party was not served with process, the appellate record must contain an affirmative showing that the party was duly served with process; recitals in the judgment are insufficient. *See Harvestons Sec., Inc.*, 218 S.W.3d at 133. The appellate record in this case contains no return of service or other affirmative showing that Mary was duly served with process. On appeal, Anselmo does not assert that the appellate record contains an affirmative showing that Mary was duly served with process. Instead, Anselmo points to a certified copy of a return of service that, according to the certification, was filed in the trial court in Montgomery County before this case was transferred to Brazoria County. Though Anselmo attaches this document to his appellate brief, this document is not a part of the appellate record in this case. With limited exceptions not relevant to this

3

appeal, an appellate court may not consider matters outside of the appellate record. *See Resource Health Servs., Inc. v. Acucare Health Strategies, Inc.*, No. 14-06-00849-CV, 2007 WL 4200587, at *1, n.1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.). The appellate record does not show that Mary made an appearance in the trial court or that she waived service of process, and there is no affirmative showing in the appellate record that Mary was duly served with process, independent of the recitations in the default judgment. Therefore, Mary has established that error is apparent on the face of the record, and we must reverse the trial court's default judgment against her and remand this case to the trial court. *See Primate Const., Inc.*, 884 S.W.2d at 152–53; *Harvestons Sec., Inc.*, 218 S.W.3d at 133–34.[1]

We, therefore, reverse the trial court's judgment against Mary and remand this case to the trial court for further proceedings.


/s/     Kem Thompson Frost
        Justice


Panel consists of Justices Frost, Brown, and Busby.

---

[1] Even if we were to conclude that the evidence is legally insufficient to support the trial court's judgment against Mary, the remedy would be to reverse and remand rather than to reverse and render. *See Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992); *Wilson v. Wilson*, 132 S.W.3d 533, 539 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Therefore, we need not and do not address Mary's legal-insufficiency argument because it would not provide Mary with greater relief. *See* Tex. R. App. P. 47.1.