In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00439-CV**

_____

**LISA ATKINS-JANUARY, Appellant**

**V.**

**STATE OFFICE OF RISK MANAGEMENT, Appellee**

---

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-197,001**

---

**MEMORANDUM OPINION**

Lisa Atkins-January (January or Appellant) filed this appeal complaining of an order granting summary judgment in favor of the Texas State Office of Risk Management (SORM or Appellee) and dismissing all of Appellant's workers' compensation claims with prejudice. We affirm.

BACKGROUND

January is a former employee of the Texas Department of Criminal Justice (TDCJ). SORM serves as the workers' compensation insurance carrier for TDCJ.

1

On November 17, 2012, while employed by TDCJ, January sustained a work-related injury when she tripped and fell. After pursuing a workers' compensation claim, a hearing officer of the Texas Department of Insurance–Division of Workers' Compensation ("the Division") concluded as follows:

> The credible evidence established that the compensable injury includes a right elbow contusion, a left elbow contusion, a left hip injury, and a right ankle sprain/strain. The credible evidence did not establish that the compensable injury includes left knee internal derangement and an HNP at L4-L5.

On December 16, 2014, the hearing officer signed a decision and order that contained findings of fact and conclusions of law. The decision explained that

> [t]he claimant did not present a doctor's testimony or written statement which explains how the on-the-job accident/mechanism of injury caused or aggravated these two conditions. As a result, she failed to prove that the compensable injury includes left knee internal derangement or an HNP at L4-L5.

The Appeals Panel of the Division subsequently affirmed the hearing officer's decision and order, making the hearing officer's decision the "final decision" effective March 9, 2015.

January then filed the instant lawsuit in April of 2015, seeking judicial review of the Division's final decision with respect to the extent of her injuries caused by the on-the-job accident in 2012. SORM filed an answer and propounded written

discovery seeking, in relevant part, information related to the causation of January's claimed conditions.

SORM filed a no-evidence motion for summary judgment in August of 2016, after the applicable discovery period had expired. Therein, SORM argued that

> . . . no evidence has been produced or disclosed and none exists[] which could support the conclusion, within a reasonable degree of medical probability, that the conditions claimed by the Plaintiff of left knee internal derangement and HNP at L4-L5 would not have resulted or have been aggravated but for her work-related injury of November 17, 201[2]. As such, given the absolute lack of evidence in support of causation of the claimed medical conditions in this case, an essential element to the Plaintiff's claim, Defendant is entitled to summary judgment pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure.

January filed no response to the motion for summary judgment. After a hearing, the trial court entered a "Final Summary Judgment" granting summary judgment in favor of SORM, affirming the final decision of the Division and "dispos[ing] of all claims and all parties[.]" Appellant timely filed a notice of appeal.

ANALYSIS

Initially, we note that we must construe Appellant's brief liberally as Appellant appears pro se in this appeal. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). Nevertheless, pro se litigants must still comply with the briefing rules, applicable laws, and rules of procedure. *See Washington v. Bank of*

3

*N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no. pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)).

Under the Texas Rules of Appellate Procedure, an appellant's brief is required to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Our sister court has explained as follows:

> It is the Appellant's burden to discuss her assertions of error. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted). Accordingly, an appellant may forfeit error through her failure to brief adequately. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by

4

inadequate briefing[]"); *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."); *Washington*, 362 S.W.3d at 854-55; *In re Lester*, 254 S.W.3d 663, 668 n.3 (Tex. App.—Beaumont 2008, orig. proceeding). If a party fails to advance a viable argument on appeal with citations to appropriate authority, an appellate court is not required to conduct an independent review of the record and applicable law to determine whether any error occurred. *See Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("We will not do the job of the advocate.").

In this matter, Appellant's brief consists of one page that does not identify a legal issue and does not assert a point of error supported by "clear and concise" argument.[1] Moreover, Appellant has provided no record references nor any citations to relevant legal authority. We conclude that, due to the inadequacy of her brief, Appellant has waived her issues on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284. Finding that nothing has been preserved for our

---

[1] Appellant attaches numerous exhibits to her brief. A reviewing court may not consider evidence that was not before the trial court at the time it made its decision. *See Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961). With limited exceptions not relevant to this appeal, an appellate court may not consider materials outside the appellate record. *See In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

review, we affirm the trial court's judgment. *See Martinez v. El Paso Cty.*, 218 S.W.3d 841, 845 (Tex. App.—El Paso, 2007, pet. struck); *see also Washington*, 362 S.W.3d at 854-55.

      AFFIRMED.

_____

LEANNE JOHNSON
Justice

Submitted on June 20, 2017
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.