COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Christopher Pelletier v. The State of Texas

Appellate case number:    01-21-00425-CR, 01-21-00430-CR

Trial court case number:  20CR1225, 21CR1166

Trial court:              10th District Court of Galveston County

On August 25, 2022, appellant, Christopher Pelletier, incarcerated and acting pro se, filed correspondence that we construe as a motion requesting that this Court order the Galveston County District Attorney's Office, the Galveston County Public Defender's Office, the Galveston County Jail, and the Law Office of Haley Sloss to "turn over to the Appellant every single page of evidence they filed against" appellant and "all records pertaining to both causes that they used to obtain a conviction." Appellant also requests "ALL body cam, pictures, video and media used in trial, as well as the jail phone records of the entire 16 months [he] was there" be forwarded to his "Power of Attorney," Shawn McManus. Finally, appellant requests access to "the Uniform Commercial Code, the Texas Constitution, FOIA and PA, and Case Law on *Ferreta vs. California*."[1]

This Court is authorized to review the appellate record in deciding appeals. *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The appellate record comprises the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. An appellate court generally may not consider matters outside of the appellate record. *In re K.M.*, 401 S.W.3d at 866; *see also Hogg v. Lynch, Chappell & Alsup*, 480 S.W.3d 767, 773 (Tex. App.—El. Paso 2015, no pet.) ("To the extent [a party] has made references to facts that do not appear in the appellate record, we will not consider those facts in our analysis.").

In a criminal case, the clerk's record contains the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea; the court's docket sheet; the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law; the court's judgment or other order

---

[1]    Presumably, appellant refers to *Faretta v. California*, 422 U.S. 806 (1975), where the Supreme Court held a competent criminal defendant has a Sixth Amendment right to waive his right to counsel and represent himself at trial.

that is being appealed; any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion; the notice of appeal; any formal bill of exception; any request for a reporter's record; any request for preparation of the clerk's record; the trial court's certification of the defendant's right of appeal under Texas Rule of Appellate Procedure 25.2; and subject to Texas Rule of Appellate Procedure 34.5(b), any filing that a party designates to have included in the record.  TEX. R. APP. P. 34.5(a).  Rule 34.5(b) provides that a written designation specifying additional items to be included in the record may be filed with the trial court clerk before the clerk's record is prepared, but the request must be specific.  TEX. R. APP. P. 34.5(b).  "The clerk will disregard a general designation, such as one for 'all papers filed in the case.'"  TEX. R. APP. P. 34.5(b)(2).

The reporter's record consists of "the court reporter's transcription . . . of the proceedings, and any of the exhibits, that the parties to the appeal designate" if the proceedings were stenographically recorded.  TEX. R. APP. P. 34.6(a)(1).  If the proceedings were electronically recorded, the reporter's record consists of "certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2."  TEX. R. APP. P. 34.6(a)(2).

The clerk's record was filed on September 21, 2021, and supplemented on June 24, 2022 and June 28, 2022.  The reporter's record was filed on October 18, 2021 and supplemented on June 21, 2022.  If a relevant item was omitted from the clerk's or reporter's record, this Court, the trial court, or any party may direct the trial court clerk or the court reporter to prepare a supplement containing the omitted item(s).  *See* TEX. R. APP. P. 34.5(c), 34.6(d).  However, this Court is not authorized to order the Galveston County District Attorney's Office, the Galveston County Public Defender's Office, the Galveston County Jail, or the Law Office of Haley Sloss to produce records to appellant for use in his appellate brief.[2]  Nor is this Court required to assist with appellant's legal research by providing statutes, constitutions, or caselaw.[3]

To the extent appellant contends items were omitted from the clerk's record or reporter's record, he may ask the trial court to supplement the clerk's record or reporter's record pursuant to Rules 34.5(c) and 34.6(d), respectively.

Appellant's motion for this Court to order records that are not in the appellate record and for research materials to be provided to him is **denied**.


Judge's signature: _____ /s/ Julie Countiss_____
                              Acting individually
Date:  September 8, 2022

---

[2]     Even if the Court could order production of such documents, which is not the case, the documents would not be part of the appellate record and, therefore, would be of no value to this Court in adjudicating the appeal.

[3]     *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("[W]e are not responsible for doing the legal research that might support a party's contentions.  Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party.") (internal citation omitted).