In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00005-CV
_____

**REJEANIA MARIE WILLIAMS, Appellant**

**V.**

**EVERETT KEITH WILLIAMS, Appellee**

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-240,262

**MEMORANDUM OPINION**

In this pro se appeal from a Final Decree of Divorce, Rejeania Marie Williams ("Rejeania") complains about the trial court's division of property and failure to require Everett Keith Williams ("Everett") to pay spousal support. Rejeania also complains about Everett's failure to timely make payments as ordered in the Final Decree. For the reasons explained below, we affirm the trial court's judgment.

1

## RELEVANT BACKGROUND

In October 2021, Everett filed a pro se Original Petition for Divorce and an Affidavit of Indigency. Rejeania filed a pro se answer, stating she needed to find legal assistance because Everett was not going to be fair regarding his settlement from a car wreck that occurred during the marriage. In May 2022, the trial court entered an Order Ruling Costs, finding Everett was a pauper and unable to pay costs incurred in the case.

In December 2023, the trial court conducted a final hearing, during which Everett testified that he and Rejeania were married in November 2017 and separated around July 2020. The trial court heard testimony that the parties had no children during the marriage and had not bought any real estate. Everett explained that he was living in a home that he and his brother inherited from his mother. Everett testified that he purchased a 2000 Dodge truck in 2023, and he contributed $1,500 towards the purchase of a BMW that was not in his name. Everett also testified that he was in a partnership and had contributed $5,000 toward the purchase of a dump truck.

Rejeania testified that during the marriage, Everett sold some kind of property for $11,000, and after they separated, he kept $6,000 of their money in a bank account. Everett denied having $6,000, and Rejeania "[s]omewhat[]" agreed that the $11,000 from three and a half years ago had probably been spent. Rejeania explained

2

that they also owed $700 on a bank account, and she owed $2,000 on her AT&T bill because Everett and his daughter did not turn in their phones.

Rejeania testified she did not own a vehicle, which Everett refuted, and she requested a reasonable amount of spousal support because Everett bit her wrist and caused her to have multiple surgeries and to be unable to work. Everett claimed he was defending himself when Rejeania came to his house during the night and tased and pepper sprayed him. Rejeania explained they had words earlier that day when she found out he was sleeping with her friend, and she went to his house to get her vacuum and to ask him about her friend, but he did not want to talk. Rejeania testified that after Everett bit her, she tased and pepper sprayed him, and she did not pursue the charges she filed against him.

Concerning Rejeania's request for spousal support, the trial court explained that she did not file a counterpetition seeking spousal support and even if she had, she did not meet the legal requirements of being married ten years. The trial court also explained that since Everett admitted paying money towards the dump truck and another vehicle, which were community property, it rendered a judgment for $2,500 to Rejeania to equalize the division of property and ordered Everett to pay $500 for the next five months. Everett agreed to the payments. The trial court also ordered the parties to each pay half of the AT&T bill. The trial court found the $2,500 judgment equalized the division of property, which was just and right.

3

## ANALYSIS

Rejeania appeared pro se in the trial court and on appeal. We liberally construe a pro se appellant's brief. *See Delgado v. Lopez*, No. 09-21-00019-CV, 2022 WL 5237397, at \*1 (Tex. App.—Beaumont Oct. 6, 2022, no pet.) (mem. op.); *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied). That said, pro se litigants must comply with the briefing rules and the rules of evidence and procedure, and we do not afford them special treatment because they are acting pro se. *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). An appellate brief must state all issues presented for review clearly and concisely and include appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(f), (i). "When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review." *Delgado*, 2022 WL 5237397, at \*1 (citing *Atkins-January v. State Off. of Risk Mgmt.*, No. 09–16–00439–CV, 2017 WL 3297977, at \*2 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.)); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.). We have no duty or right to independently review the record and applicable law to determine whether there was error; if we did, we would no longer be neutral adjudicators but become an advocate for that party. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Therefore, an

4

appellant may forfeit error through her failure to adequately brief. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (stating error may be waived by inadequate briefing); *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) (noting "[b]are assertions of error, without argument or authority, waive error[]"); *In re Lester*, 254 S.W.3d 663, 668 n.3 (Tex. App.—Beaumont 2008, orig. proceeding).

Rejeania's brief consists of eight pages in which she complains about the trial court's division of property and failure to award her spousal support.[1] Rejeania also complains about Everett's failure to make timely payments toward the $2,500 judgment awarded to her in the Final Decree. Rejeania's complaints are not supported by "clear and concise" argument, and she did not include appropriate citations to relevant legal authority and to the record. *See* Tex. R. App. P. 38.1(f), (i). We conclude that, based on the inadequacy of her brief, Rejeania has waived her complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284. Finding that nothing has been preserved for our review, we affirm the trial

---

[1] We note that Rejeania attached numerous exhibits to her brief, which were not included in the appellate record. A reviewing court may not consider evidence that was not before the trial court at the time it made its decision. *See Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961). With limited exceptions not relevant to this appeal, an appellate court may not consider materials outside the appellate record. *See In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

court's judgment. *See Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 845 (Tex. App.—

El Paso, 2007, pet. struck); *see also Washington*, 362 S.W.3d at 854–55.

AFFIRMED.

JAY WRIGHT<br>Justice

Submitted on August 20, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Johnson and Wright, JJ.