In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-022 CV


____________________



SHANNON TRAHAN AND JOLEEN TRAHAN WOODS, Appellants



V.



FIRE INSURANCE EXCHANGE AND 


TEXAS FARMERS INSURANCE, Appellees






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-010483-C






 OPINION 


I. Introduction

 This is an appeal from a summary judgment rendered in favor of appellees Fire
Insurance Exchange (hereafter "FIE") and Texas Farmers Insurance (hereafter "TFI"). In
a single issue, appellants Shannon Trahan and Joleen Trahan Woods (1) (hereafter "the
Trahans") complain the trial court erred in granting summary judgment because there are
genuine issues of material fact. We affirm the summary judgment.

II. Factual Background

 On December 31, 2000, the Trahans' home and automobile were destroyed by a fire. 
The Trahans filed a fire loss claim with FIE under their homeowner's policy, and a claim
with TFI under their automobile policy. On or about February 8, 2001, the Trahans signed
a Proof of Loss form and sent the form to FIE. On February 14, 2001, FIE requested that the
Trahans submit to examinations under oath ("EUOs"). The Trahans did not respond to the
February 14 request or most of FIE's subsequent requests. On August 29, 2001, the Trahans
submitted to the EUOs, and they signed and swore to the transcripts on September 20, 2001. 
On October 8, 2001, FIE accepted the Trahans' fire loss claim and issued checks for the
claim. 

 The Trahans brought suit against FIE and TFI alleging breach of contract, breach of
the common law duty of good faith and fair dealing, violations of the Insurance Code, and
violations of the Deceptive Trade Practices Act. The Trahans alleged that FIE and TFI
violated contractual obligations and committed bad faith by delaying payment and destroying
physical evidence. 

 FIE filed a traditional motion for summary judgment and a no-evidence motion for
summary judgment. See Tex. R. Civ. P. 166a(c), 166a(i). In the traditional motion for
summary judgment, FIE asserted that the Trahans failed to meet the conditions precedent to
recovering on their homeowner's claim, it did not breach the insurance contract, and there
is no extra-contractual liability when there is no breach of contract. In the no-evidence
motion for summary judgment, FIE asserted, inter alia, that there was no evidence that it
failed to make timely payments or violated any contractual obligations or duties. TFI filed
a single motion asserting both no-evidence and traditional grounds for summary judgment. 
See id. In the motion, TFI asserted, inter alia, that there was no evidence that it assumed any
risk of loss for the Trahans' home and there was no privity of contract between TFI and the
Trahans regarding the homeowner's claim. 

 In response to FIE's and TFI's motions for summary judgment, the Trahans asserted 
that FIE and TFI committed bad faith by performing an "outcome oriented or biased
investigation in an attempt to prove that [they] destroyed their home by incendiary fire." The
Trahans also alleged that FIE and TFI committed spoliation. The trial court granted FIE's
and TFI's motions for summary judgment and ordered that the Trahans take nothing. (2) The
Trahans appealed. 

III. Standard of Review

 We review a trial court's order granting summary judgment de novo. Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). We apply different
standards of review to the motions for summary judgment filed under Rule 166a(c) and the
motions filed under Rule 166a(i). 

 To succeed in a motion for summary judgment under Rule 166a(c), a movant
must establish that there is no genuine issue of material fact so that the movant
is entitled to judgment as a matter of law. Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991). In reviewing a summary judgment, we consider
the evidence in the light most favorable to the non-movant and resolve any
doubt in the non-movant's favor. Nixon v. Mr. Property Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985). Under Rule 166a(i), a party may move for
summary judgment on the ground that there is no evidence of one or more
essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial. Unless the respondent produces summary
judgment evidence raising a genuine issue of material fact, the court must
grant the motion. Tex. R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard,
P.C., 73 S.W.3d 193, 207 (Tex. 2002). 


Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). Because the trial court did
not state the grounds for granting summary judgment, we will uphold the summary judgment
if it can be sustained under either traditional or no-evidence grounds. Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001).

 We first address whether summary judgment may be upheld in favor of FIE on
traditional grounds. A defendant who disproves an essential element of the plaintiff's cause
of action as a matter of law is entitled to summary judgment. Doe v. Boys Club of Greater
Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex. 1995). "After the defendant produces evidence
entitling it to summary judgment, the burden shifts to the plaintiff to present evidence
creating a fact issue." Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). 

IV. Summary Judgment Analysis - FIE

A. FIE's Request for EUOs

 FIE's summary judgment proof demonstrated that it had a contract with the Trahans,
and that it paid the Trahans' claim under the terms and conditions of the policy. The
Trahans' homeowner's insurance policy includes the following paragraphs:

 AGREEMENT

 

 We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy. 


 SECTION I - CONDITIONS


 3. Duties After Loss.


 a. Your Duties After Loss. In case of a loss to covered property caused by a peril insured against, you must:

 . . .


 (5) as often as we reasonably require:

 

 . . .


 (b) provide us with pertinent records and documents we request and permit us to make copies.


 (c) submit to examination under oath and sign and swear to it.


 . . . 


 b. Our Duties After Loss.


 (1) Within 15 days after we receive your written notice of claim, we must:


 (a) acknowledge receipt of the claim.


 If our acknowledgment of the claim is not in writing, we will
keep a record of the date, method and content of our
acknowledgment.


 (b) begin any investigation of the claim.


 (c) specify the information you must provide in accordance with
"Your Duties After Loss[.]"


 We may request more information, if during the investigation of the
claim such additional information is necessary.


 (2) After we receive the information we request, we must notify you in
writing whether the claim will be paid or has been denied or whether
more information is needed:


 (a) within 15 business days; or


 (b) within 30 days if we have reason to believe the loss resulted
from arson.


 (3) If we do not approve payment of your claim or require more time
for processing your claim, we must:


 (a) give the reason for denying your claim; or


 (b) give the reasons we require more time to process your claim. 


 But, we must either approve or deny your claim within 45 days after requesting more time. 

 

 The Trahans first claim that FIE relied on the affirmative defense of arson and FIE
failed to prove that the fire was of an incendiary origin. As a result, the Trahans argue, FIE's
request that they submit to EUOs was not justified because FIE's investigation provided
sufficient evidence that the Trahans did not commit arson. 

 The conditions under which an insurance company may conduct an EUO are governed
by the insurance contract. See State Farm Gen. Ins. Co. v. Lawlis, 773 S.W.2d 948, 949
(Tex. App. - Beaumont 1989, no writ). When we interpret an insurance policy, we employ
the rules of contract construction. American Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d
154, 157 (Tex. 2003). "If policy language is worded so that it can be given a definite or
certain legal meaning, it is not ambiguous and we construe it as a matter of law." Id. If a
contract is not ambiguous, the words used in the contract are to be given their ordinary
meaning. Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938 (Tex. 1984). For an event to
constitute a "condition precedent" under a contract, the contract must provide that the event
"must happen or be performed before a right can accrue to enforce an obligation." Centex
Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992).

 Contrary to the Trahans' assertion, a review of the record reveals that FIE did not
plead, nor argue, arson as an affirmative defense. To prevail on summary judgment, a
defendant must plead and conclusively establish each element of an affirmative defense. See
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Tex. R. Civ.
P. 94. However, because FIE did not plead arson as an affirmative defense, FIE did not have
to prove that the fire was of an incendiary origin. See Clear Creek Basin Auth., 589 S.W.2d
at 678; Tex. R. Civ. P. 94; State Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 45 n.1
(Tex. 1998) ("Arson is an affirmative defense to an insurance claim for a loss resulting from
a fire.").

 The policy at issue imposes a duty upon the Trahans to "submit to examination under
oath and sign and swear to it" upon request. Insurance policy provisions requiring an insured
to submit to an EUO as a condition precedent are valid. Lawlis, 773 S.W.2d at 949. FIE's
February 14 letter requesting that the Trahans submit to EUOs included a paragraph that
provided FIE did not "waive any of its rights under the policy and hereby reserves each and
all of its rights under the policy." 

 The language of the insurance policy does not support the Trahans' position that FIE
must justify a request for EUOs with evidence supporting a reasonable suspicion of arson. 
The language of the policy does not require that FIE suspect arson before requiring the
Trahans to submit to EUOs. 

 The Trahans also argue that FIE's right to request the EUOs was voided because the
EUOs were used in an attempt to convince the Trahans to "agree to a lesser settlement or
drop their claim entirely." The Trahans presented no summary judgment evidence showing
that FIE used the EUOs in this manner. Furthermore, the Trahans cite no case law that limits
FIE's right to obtain EUOs under the insurance contract. The Trahans did not satisfy their
burden to produce summary judgment evidence sufficient to raise a fact issue. See Tex. R.
Civ. P. 166a(c).

B. Breach of the Duty of Good Faith and Fair Dealing

 The Trahans also argue that FIE breached the duty of good faith and fair dealing when
it delayed in requesting the EUOs, delayed in paying the loss claims, and conducted the loss
investigation in bad faith. An insurer has a duty of good faith and fair dealing in the
processing and payment of claims. Republic Ins. Co. v. Stoker, 903 S.W.2d 338, 340 (Tex.
1995). A cause of action for breach of the duty of good faith and fair dealing is established
when an insurer knew or should have known it had no reasonable basis for denying or
delaying payment of a claim. Id. 

 i. Breach of Contract

 While insurance coverage claims and bad faith claims are by their nature independent,
in most circumstances an insured may not prevail on a bad faith claim without first prevailing
on a breach of contract claim. Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex.
1996). See also Perrotta v. Farmers Ins. Exch., 47 S.W.3d 569, 575 (Tex. App.- Houston
[1st Dist.] 2001, no pet.) ("When the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, . . . [the] extra-contractual claims necessarily fail."). The elements of a breach of contract cause of action
are the existence of a valid contract, the plaintiff's performance or tendered performance, the
defendant's breach of the contract, and damages as a result of the breach. Sullivan v. Smith,
110 S.W.3d 545, 546 (Tex. App.-Beaumont 2003, no pet.).

 The insurance policy imposes a duty upon FIE to investigate the loss claim within
fifteen days after receiving a written notice of claim and to accept or deny the claim within
fifteen business days of receiving all of the information requested during the investigation. 
The record indicates that FIE received written notice of the claim on February 8. The record
also indicates that on February 14, FIE requested additional information from the Trahans
in the form of EUOs. The request was provided within the time period allowed under the
policy. The EUOs were not taken until August 29, and they were not sworn to and signed
until September 20. The loss claim was paid on October 8, which was within fifteen business
days of the signing and swearing of the EUOs. 

 The EUOs were the last items of information requested. FIE paid the claim within
fifteen business days of receiving the sworn EUOs, FIE satisfied the provisions of the
contract. Because FIE's payment was timely under the insurance contract, FIE did not
breach the duty of good faith and fair dealing. See Akin, 927 S.W.2d at 629; see also
Perrotta, 47 S.W.3d at 575. Because FIE disproved the breach of contract element of the
Trahans' claim, the trial court properly granted FIE's traditional motion for summary
judgment. See Boys Club, 907 S.W.2d at 476-77.

 ii. Spoliation 

 The Trahans also assert that FIE committed spoliation of evidence favorable to them. 
Armstrong Forensic Laboratory examined samples of fire debris collected from the Trahans'
home and reported that the samples tested "negative for identifiable ignitable liquids." The
laboratory destroyed the samples when its fee to store the samples was not paid. The Trahans
argue that the samples were the best evidence that they did not commit arson and that it was
bad faith to destroy them. However, FIE did not assert arson as a basis for denying the
Trahans' claim. 

 The primary issue in this bad faith claim is whether FIE had no reasonable basis to
delay payment. See Stoker, 903 S.W.2d at 340. The Trahans presented no summary
judgment evidence establishing that FIE destroyed the samples as a basis for delaying or
denying payment or that the claim would have been paid sooner had the samples not been
destroyed. See id. As a result, the Trahans have not shown that the samples were destroyed
in bad faith. Therefore, the Trahans' spoliation argument fails to raise a genuine issue of
material fact. 

V. Summary Judgment Analysis - TFI

 We next address whether summary judgment in favor of TFI may be upheld on no-evidence grounds. To defeat a no-evidence summary judgment motion, the nonmovant is
required to produce summary judgment evidence raising a genuine issue of material fact. 
Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004); Tex. R. Civ.
P. 166a(i). The nonmovant raises a genuine issue of material fact by producing more than
a scintilla of evidence establishing the challenged element's existence. Reese, 148 S.W.3d
at 99. 

 The Trahans' suit against TFI asserts TFI and FIE were jointly liable under the
homeowner's policy issued by FIE. The Trahans asserted FIE investigated the claim on
behalf of TFI; FIE and TFI shared the risk of loss for the claim; and TFI conspired with FIE
to investigate the claim in bad faith. TFI filed a hybrid motion for summary judgment
asserting the Trahans had no evidence of joint liability. 

 The record does not indicate the Trahans provided evidence or otherwise addressed
the grounds asserted in TFI's no-evidence motion for summary judgment. Accordingly, we
find the Trahans did not carry their burden to provide evidence in support of their claims
against TFI. See id. In the absence of a fact issue to be resolved by a jury, TFI was entitled
to summary judgment under Rule 166a(i). See id.; Tex. R. Civ. P. 166a(i). The Trahans'
sole issue is overruled, and the judgment of the trial court is affirmed.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice 


Submitted on August 18, 2005

Opinion Delivered October 27, 2005 


Before Gaultney, Kreger, and Horton, JJ.



1. Woods's first name appears in the record as both "Joleen" and "Jolene." To be
consistent with the insurance policy, we use "Joleen." Woods's last name appears in the
record as "Trahan" and "Woods." To be consistent with the notice of appeal, we use
"Woods."
2. The trial court sent the parties a letter explaining its grounds for granting the motions
for summary judgment. The Trahans' brief appears to challenge the grounds asserted in the
letter. We do not consider the letter as conclusive on the bases for the trial court's ruling
because a letter cannot be considered on appeal as giving the comprehensive reasons that a
trial court granted summary judgment. See Sharpe v. Roman Catholic Diocese of Dallas, 97
S.W.3d 791, 796 (Tex. App.- Dallas 2003, pet denied); Strather v. Dolgencorp of Texas, Inc.,
96 S.W.3d 420, 423 (Tex. App.- Texarkana 2002, no pet.).