In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-178 CV


____________________



MANUEL W. LOWE AND BARBARA LOWE, Appellants



V.



BRENDA LOWE, Appellee






On Appeal from the 1-A District Court


Jasper County, Texas


Trial Cause No. 26508






 MEMORANDUM OPINION 


 Manuel and Barbara Lowe appeal from an adverse judgment in a suit for breach of
contract. In three issues, they challenge the legal and factual sufficiency of the evidence
supporting the trial court's findings of breach of contract, damages, and attorney's fees. We
affirm in part and reverse and render in part, conditioned on a remittitur.



Background

 On November 11, 2002, Brenda Lowe entered into a written contract with Manuel and
Barbara to purchase their truck. Brenda agreed to assume Manuel and Barbara's monthly
payments by making the payments directly to their bank. On May 16, 2005, after receiving
three letters from the bank regarding the past due status of the loan, Manuel and Barbara sent
Brenda a letter demanding that she return the truck to them within ten days. On May 18,
2005, Brenda responded by filing a lawsuit in which she asserted that she had paid her
payments to the bank pursuant to the contract and requested a temporary restraining order to
prevent Manuel and Barbara from repossessing the truck. Before Manuel and Barbara were
served with the temporary restraining order, they repossessed the truck on May 21, 2005. 

 After a bench trial on January 19, 2006, the trial court rendered judgment in favor of
Brenda awarding $5,500.00 in damages and $1,500.00 in attorney's fees. The trial court also
made findings of fact and conclusions of law. In their appeal, Manuel and Barbara claim that
the evidence is legally and factually insufficient to support the trial court's breach of contract
finding, award of damages in the amount of $5,500, and award of attorney's fees. 

Standards of Review

 Trial courts' findings of fact in bench trials are reviewable for legal and factual
sufficiency of the evidence by the same standards applied to jury findings. Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). 
When reviewing legal sufficiency, we view the evidence in the light most favorable to the
finding, crediting favorable evidence if a reasonable fact finder could, and disregarding
contrary evidence unless a reasonable fact finder could not. City of Keller v. Wilson, 168
S.W.3d 802, 807 (Tex. 2005). Legally insufficient evidence or "no evidence" of a vital fact
exists when (a) the record is completely devoid of evidence of a vital fact; (b) rules of law
or rules of evidence bar the court from giving weight to the only evidence offered to prove
a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or
(d) the evidence conclusively establishes the opposite of the vital fact. Merrell Dow
Pharms., Inc v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). In reviewing a factual sufficiency
issue, we consider and weigh all the evidence and set aside a finding only if the evidence is
so weak as to be clearly wrong and manifestly unjust. Ortiz, 917 S.W.2d at 772; Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). In so doing, we do not pass on the witnesses'
credibility or substitute our judgment for that of the trial court. Maritime Overseas Corp. v.
Ellis, 971 S.W.2d 402, 407 (Tex. 1998).

 We review conclusions of law as legal questions. BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002). While we cannot review conclusions of law
for factual sufficiency, we do review the record to determine whether the trial court drew the
proper legal conclusions from the facts. Id. We are not required to reverse erroneous
conclusions of law if the trial court rendered the proper judgment under a correct legal theory
based on the evidence. Id. 

Contract Claim

 Manuel and Barbara contend that the evidence is insufficient to show that they
breached their contract with Brenda. In a breach of contract case, the plaintiff must prove:
(1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance;
(3) the defendant's breach; and (4) damages as a result of the breach. Trahan v. Fire Ins.
Exch., 179 S.W.3d 669, 674 (Tex. App.-Beaumont 2005, no pet.). 

 The evidence is undisputed that a written contract existed between the parties. 
However, the contract does not explain the parties' agreement regarding two payments that
were past due on the note when the parties entered into the contract. When a contract is a
final and complete expression of all the terms regarding that agreement, but not a final and
complete expression of all the terms agreed upon between the parties, it is considered a
partially integrated contract. See generally David R. Dow, Et Al., Texas Practice:
Contract Law § 8.3 (2005). With respect to a partially integrated contract, parol evidence
is admissible to supplement or explain the contract, but is not admissible to contradict it. See
Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, 32 (Tex. 1958); Garner v.
Redeaux, 678 S.W.2d 124, 128 (Tex. App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.);
Weinacht v. Phillips Coal Co., 673 S.W.2d 677, 680 (Tex. App.-Dallas 1984, no writ). 
Brenda contracted as follows: "I agree to make all my payments untill [sic] the [t]ruck is paid
[i]n full." The written contract makes no mention of the past due payments.

 In this case, the parties offered parol evidence of their allocation of the two past due
payments. The testimony regarding the past due payments does not contradict any terms
contained within the written agreement but serves to explain the entire agreement and its
terms. Because the contract is partially integrated, we consider the parol evidence that
explains the parties' allocation of the two past due payments. 

 According to Brenda's testimony at trial, and a receipt she provided, she paid one of
the late payments, the November 4, 2002 payment, when she first received the truck. With
respect to the remaining past due payment, Brenda stated at trial that Barbara agreed to pay
it from proceeds she expected to receive from her deceased father's asbestosis claim. 
Barbara, on the other hand, testified that she understood Brenda would pay all the late
payments and that she thought that Brenda had done so, but then according to Barbara,
discovered that Brenda was delinquent on several payments. 

 The evidence does not support Barbara's contention regarding the basis of the bank's
default. According to Brenda's receipts and the banking records admitted at trial, the
remaining late payment was never paid and appears to be the basis of the default on the loan. 
The trial court as fact finder considered and weighed the evidence and resolved the issue in
Brenda's favor. More than a scintilla of evidence supports the trial court's findings with
respect to the parties' contract. Havner, 953 S.W.2d at 711. Moreover, we do not find the
evidence so weak as to be clearly wrong and manifestly unjust. See Ortiz, 917 S.W.2d at
772; Cain, 709 S.W.2d at 176. Therefore, we hold that the evidence is legally and factually
sufficient to establish a valid contract. The evidence regarding the contract is also sufficient
to uphold the trial court's implied finding that the parties agreed that Brenda would pay the
November 4, 2002, late payment and Manuel and Barbara would pay the other late payment. 

 Regarding the evidence of the contract's breach, Brenda testified and provided
receipts indicating that, beginning November 4, 2002, she paid all but two payments until
May of 2005, when Manuel and Barbara repossessed the truck. With respect to the two
missed payments, the evidence showed that the bank, at the direction and agreement of
Manuel and Barbara, moved the two payments to the end of the note in return for Brenda's
payment of the interest then due. The demand letter that Manuel and Barbara sent to Brenda
did not notify her that the bank had placed the note in default or provide her an option to
remedy the default. However, the demand letter sent by the bank to Manuel and Barbara
informed them of an option to remedy the default. Despite the fact that Manuel and
Barbara's letter to Brenda demanded the return of the truck within ten days, they did not wait
ten days to repossess the truck. Instead, according to Barbara, they repossessed the truck five
days after sending the demand letter to Brenda and "didn't even think about that demand
letter" when they took the truck. Also, the evidence showed that Barbara and Manuel did not
pay the late payment that they agreed to pay. Accordingly, because the evidence enables a
reasonable and fair-minded fact finder to reach the same conclusions, we find that the
evidence is sufficient to prove that Brenda performed according to the contract, while
Manuel and Barbara breached the contract by wrongfully repossessing the truck and by
failing to pay the past due payment as agreed. See Keller, 168 S.W.3d at 827.

 Having reviewed the testimony, we find legally and factually sufficient evidence to
support the trial court's findings of a valid contract, Brenda's performance, and breach by
Manuel and Barbara. We overrule issue one. 

Damages

 With respect to damages, Brenda testified that as a consequence of the truck being
repossessed, she was left without transportation until approximately the middle of December,
2005. In addition, Brenda testified regarding her personal property that was taken when
Barbara and Manuel repossessed the truck. 

 Manuel and Barbara assert the evidence is legally and factually insufficient to support
the trial court's finding that Brenda "lost $5,500.00 in equity and loss of use of the [truck]." 
The general measure of damages in breach-of-contract cases is just compensation for the loss
or damage actually sustained. ExxonMobil Corp. v. Valence Operating Co., 174 S.W.3d 303,
316 (Tex. App.-Houston [1st Dist.] 2005, pet. denied). 

 With respect to her loss in equity claim, Brenda testified to the total funds she spent
on monthly payments over the past several years. She did not testify to the value of the truck
at the time of repossession compared to her remaining balance on the note and thus, offered
no evidence of a vital fact. Havner, 953 S.W.2d at 711. Thus, the evidence is legally
insufficient to support any award for loss of equity.

 With respect to damages for loss of use, if the reasonable value of the use can be
established with fair certainty, the value of the use is recoverable. See Goose Creek Consol.
Ind. Sch. Dist. v. Jarrar's Plumbing, Inc., 74 S.W.3d 486, 496 (Tex. App.-Texarkana 2002,
pet. denied). The reasonable cost of renting a replacement is the usual measure of damages
for loss of use, although a plaintiff need not actually rent a replacement. Luna v. North Star
Dodge Sales, Inc., 667 S.W.2d 115, 118-19 (Tex. 1984). Rental value, however, is not the
only admissible evidence to measure loss of use. Bossier Chrysler Dodge II, Inc. v.
Rauschenberg, No. 10-05-00140-CV, 2006 WL 1641949, at *16 (Tex. App.-Waco June 14,
2006, pet. granted); see also Goose Creek, 74 S.W.3d at 498 (modified diminution of value
calculation for loss of use of buildings); Amelia's Automotive, Inc. v. Rodriguez, 921 S.W.2d
767, 771 (Tex. App.-San Antonio 1996, no writ) (lost profits as a result of loss of use of a
tow truck); Chem. Express Carriers, Inc. v. French, 759 S.W.2d 683, 687-88 (Tex.
App.-Corpus Christi 1988, writ denied) (lost profits as a result of loss of use of an airplane);
Town East Ford Sales, Inc. v. Gray, 730 S.W.2d 796, 804-05 (Tex. App.-Dallas 1987, no
writ) (down payment, tax, title, license, and monthly payments for new vehicle for loss of use
of an old vehicle).

 Brenda testified that due to the repossession of the truck, she lacked transportation
until approximately five weeks before trial. She also testified that her monthly payment on
the truck was $584.03. Monthly payments can be considered by a fact finder in determining
the value of loss of use. See Bossier, 2006 WL 1641949, at *16. In assessing damages, the
trial judge could properly consider Brenda's loss of use from May 2005, when the truck was
repossessed, until mid-December 2005, when Brenda purchased another truck.

 In addition, Brenda testified regarding personal property that was in the truck when
Manuel and Brenda repossessed it. Based on the loss of use evidence and the testimony of
lost personal property, the evidence is sufficient to support $4,863.81 in damages, consisting
of Brenda's loss of use of the truck, loss of personal property, and prejudgment interest. 
Having determined there is insufficient evidence to support the trial court's award of
$5,500.00 in damages, we sustain issue two in part and suggest a remittitur of $636.19. See
Tex. R. App. P. 46.3; Larson v. Cactus Util. Co., 730 S.W.2d 640, 641 (Tex. 1987);
Comstock Silversmiths, Inc. v. Carey, 894 S.W.2d 56, 58 (Tex. App.-San Antonio 1995, no
writ).



Award of Attorney's Fees

 Manuel and Barbara attack the legal and factual sufficiency of the evidence supporting
the award of attorney's fees to Brenda. Brenda, however, contends the parties stipulated that
the amount awarded by the trial court, $1,500.00, was a reasonable and necessary fee. 

 The Texas Civil Practice and Remedies Code provides for the recovery of attorney's
fees when a litigant establishes a valid claim based on an oral or written contract. Tex. Civ.
Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997). To recover attorney's fees under this
statute, the litigant must be represented by an attorney, present the claim to the opposing
party, and the opposing party must have failed to tender payment of the claim within thirty
days of presentment. Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (Vernon 1997). While
the statute requires no particular form of presentment, the litigant must plead and prove the
presentment of the debt or claim to the opposing party. Jones v. Kelley, 614 S.W.2d 95, 100
(Tex. 1981); Harrison v. Gemdrill Int'l, Inc., 981 S.W.2d 714, 719 (Tex. App.-Houston [1st
Dist.] 1998, pet. denied). The evidence of presentment may consist of a demand for
payment, and the demand may be written or oral. Harrison, 981 S.W.2d at 719. However,
the mere filing of a lawsuit is not a sufficient presentment within the meaning of the statute. 
Id.

 Brenda was represented by counsel and included a request for attorney's fees in her
petition. Nevertheless, the record is silent as to Brenda's presentment of her claim to Manuel
and Barbara. The record does not contain any evidence that Barbara and Manuel waived this
predicate to a recovery of attorney's fees. Although Brenda claims the parties entered into
a stipulation regarding attorney's fees, there is no evidence of the stipulation in the record. 
To enforce an agreement between parties, an agreement must be in writing, signed, and filed
of record or be made in open court and entered of record. Tex. R. Civ. P. 11. We find the
evidence legally insufficient to support the trial court's award of attorney's fees to Brenda. 
Accordingly, we sustain issue three.

Conclusion

 We hold that while there is legally and factually sufficient evidence that Manuel and
Barbara breached the contract with Brenda, the evidence is legally insufficient to support
damages in the amount of $5,500.00. The evidence is sufficient to support an award of
$4,863.81. Therefore, we affirm the judgment of the trial court with respect to the breach
of contract finding and damage award, conditioned on the suggested remittitur of $636.19. 
If Brenda files a remittitur of $636.19 with the Clerk of this Court within fifteen days after
the date of this opinion, we will reform the trial court's judgment and, as reformed, affirm
the breach of contract finding, affirm the damage award in the amount of $4,863.81, and
reverse and render that Brenda take nothing with respect to the attorney's fee award. If,
however, Brenda fails to file the suggested remittitur, we will reverse the trial court's
judgment and remand this cause in its entirety for a new trial. See Tex. R. App. P. 46.3;
Larson, 730 S.W.2d at 641. 

 AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMITTITUR
SUGGESTED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on September 5, 2006

Opinion Delivered November 9, 2006

Before Gaultney, Kreger, and Horton, JJ.