In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00120-CV

WILLARD COX JR., WILL COX, INC. AND
KEVIN DESORMEAUX D/B/A TALENTS UNLIMITED, Appellants

V.

KATHLEEN KIMBERLIN, Appellee

On Appeal from the County Court at Law No. 6
Montgomery County, Texas
Trial Cause No. 21-06-08006-CV

## MEMORANDUM OPINION

In this case Appellee Kathleen Kimberlin ("Kimberlin") originally filed a lawsuit against Appellants Willard Cox Jr. ("Cox Jr.") and Will Cox, Inc. ("Cox Inc." and collectively "the Cox parties") for allegedly defective construction work performed by the Cox parties at Kimberlin's home (the previous lawsuit). The parties reached a settlement agreement in that lawsuit and under the settlement agreement, the Cox parties agreed to have Appellant Kevin Desormeaux d/b/a

1

Talents Unlimited perform certain repairs at Kimberlin's home, and agreed to pay Kimberlin $2,500 for attorneys' fees, and Kimberlin agreed to dismiss her pending lawsuit against the Cox parties. The parties signed a Settlement Agreement, Cox Jr. paid the $2,500, and Kimberlin dismissed her pending suit. Thereafter, Kimberlin filed a second lawsuit against Cox Jr., Cox Inc., and Appellant Desormeaux d/b/a Talents Unlimited for various claims. Cox filed counterclaims and a third-party claim. Kimberlin filed three motions for summary judgment, and the trial court granted the summary judgment motions. Appellants Cox Jr. and Cox Inc. argue that the trial court erred by granting summary judgment for Kimberlin. Appellant Desormeaux d/b/a Talents Unlimited did not file an appellate brief. We reverse and remand.

## Procedural Background

### Kimberlin's Original and Amended Petitions in the Current Suit

About three years after the dismissal of the previous lawsuit, Kimberlin filed an Original Petition against Defendants Cox Jr., Cox Inc., and Kevin Desormeaux ("Desormeaux") d/b/a Talents Unlimited (collectively "Defendants"). She later filed two amended petitions, and her Second Amended Petition (hereinafter Petition) was the live pleading at the time the trial court considered her motions for summary judgment ("MSJs").

2

In the Petition Kimberlin alleged that she and the Cox parties executed a Settlement Agreement,[1] and the Cox parties hired Desormeaux to perform the work required by the Settlement Agreement. After Desormeaux completed the work, a licensed inspector noted fifteen violations of the Texas Building Code. The Petition stated a claim against Desormeaux for violation of the DTPA, for breach of an express warranty, representing that his services were of a particular standard when they were not, and representing that services were performed that were not

---

[1] The parties' alleged Settlement Agreement is in the form of a letter that is sent and signed by Kimberlin's attorney (the author of the letter), addressed to the attorney for the Cox parties, and then later signed at the bottom by the attorney representing the Cox parties and by Willard R. Cox, Jr. Pres., Will Cox Inc., and it states:

> Pursuant to our conversation on Friday, June 1, 2018, our clients agree to the following terms below to settle the current lawsuit between Kathleen Kimberlin and your clients, Willard Cox, Jr. and Will Cox, Inc.:
>
> (1) Talents Unlimited will perform the work described in the estimate (excluding the windows, Ms. Kimberlin will have someone else install the windows);
> (2) the roof line angle for the addition will be increased, so that it appears as if it was built with the original house and may use asphalt shingles (as described in April 10th letter);
> (3) a small overhang of approximately 3 ft by 5 ft will be built over the backdoor entrance to prevent water penetration;
> (4) Talents Unlimited will produce a copy of its insurance policy proving it is insured and bonded for the work performed;
> (5) Defendants will pay $2,500 to cover a portion of her attorneys' fees and court costs within twenty-one days with the check payable to "Jacobs O'Hara McMullen, P.C. and Kathleen Kimberlin;" and
> (6) Plaintiff will file a nonsuit with prejudice within ten days of receiving the payment of $2,500.

performed. Kimberlin also asserted a claim against Desormeaux for negligence for defective work and a claim for breach of contract against the Cox parties. The Petition included a request for attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code and section 17 of the Texas Business and Commerce Code.

Kimberlin filed an expert witness designation listing five non-retained experts and also attaching: (1) a February 1, 2022 Engineering Opinion by Gerard Duhan, P.E. of Engineered Foundation Solutions, giving an estimated cost of repairs as $35,000; (2) a document from TML Home Improvement providing an itemized listing of "Addition tear out and rebuild[,]" totaling $59,686.56; and (3) an itemized work description from Kenaco Solutions, giving an estimated total cost of $46,919.96.

Answers, Counterclaims and Third-Party Claims

The Cox parties filed a general denial Answer and counterclaim against Kimberlin for filing a DTPA claim in bad faith. The Cox parties filed a first Amended Answer before Kimberlin filed her MSJs and a second Amended Answer after Kimberlin filed her MSJs but before the MSJs were submitted, and before the trial court ruled on the summary judgment motions. Attached to Cox's Answer is an affidavit of Cox Jr., which stated that he was sued in the wrong capacity, and he is not liable in his personal capacity.

4

The Cox parties also filed a Motion for Leave to Designate Responsible Third Party, alleging that Kimberlin had hired Thomas Barron ("Barron"), an independent contractor, to inspect and to perform the work on her home. The trial court granted the motion. In their Third-Party Petition against Barron the Cox parties asserted a claim for breach of contract, alleging that, after signing the Settlement Agreement, Kimberlin decided she did not want Talents Unlimited to do the work, and she preferred that Barron redo the work. The Cox parties argued that, if Kimberlin prevailed in the current lawsuit, Barron would be liable to the Cox parties. With respect to the Third-Party Claim, the trial court held a Dismissal for Want of Prosecution ("DWOP") hearing at which the Cox parties did not appear, and the trial court ordered that the third-party claim against Barron be dismissed for want of prosecution.

In their second Amended Answer—the live pleading at the time of summary judgment—the Cox parties alleged that Kimberlin hired and paid Barron to do the rebuild work at her home, to which Desormeaux agreed. The Cox parties asserted that Kimberlin's claims were barred by res judicata and collateral estoppel as evidenced by the parties' Settlement Agreement and nonsuit of the previous lawsuit. Cox previously attached a copy of the Settlement Agreement and a copy of a check for $2,500 made payable to Jacobs O'Hara McMullen, P.C. (Kimberlin's attorneys) and Kathleen Kimberlin to the Original Answer.

The Cox parties also filed a counterclaim against Kimberlin, arguing that her DTPA claim was brought in bad faith, that Kimberlin's lawsuit was frivolous and baseless under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code, and they sought attorney's fees.

Desormeaux filed an Answer with a general denial and defenses of failure to mitigate damages, damages being caused by a responsible third party, contributory or comparative negligence, and an independent, superseding or intervening cause.

Motions for Summary Judgment

Kimberlin filed three motions for summary judgment: (1) a Traditional Motion for Summary Judgment Regarding Her Claims Against Defendants; (2) a Traditional and No-Evidence Motion for Summary Judgment Regarding Willard Cox, Jr. and Will Cox, Inc[.]'s Counterclaims and Affirmative Defenses; and (3) a No-Evidence and Traditional Motion for Summary Judgment Regarding Kevin Desormeaux d/b/a Talents Unlimited's Affirmative Defenses and Third-Party Designation. We summarize each of the motions below.

(1) Traditional MSJ on Kimberlin's Claims Against Defendants

As to her breach of contract claim against the Cox parties, Kimberlin stated that the Settlement Agreement is evidence of her contract with the Cox parties. She alleged she tendered performance under the settlement agreement by nonsuiting the Cox parties in the previous lawsuit, and the Cox parties breached the Settlement

6

Agreement because their agent's work on the rebuild was defective and because the Cox parties' contractor failed to provide proof of insurance. Kimberlin argued she suffered damages because of the Cox parties' breach, she was never paid for the defective work because there was a lack of insurance, her house leaks, and the cost to remedy the defective work is more than $59,000.

As for her claims against Desormeaux, Kimberlin asserted that he had a common law duty to perform his work in a good and workmanlike manner and use ordinary care, he breached that duty by building an addition and roof in a defective manner, and as a result, her house leaks and the cost to remedy the defective work is over $59,000. Regarding her claims against Desormeaux under the DTPA, Kimberlin argued that she effectively purchased Desormeaux's services by nonsuiting her previous lawsuit, Desormeaux violated the DTPA by representing that his work was of a particular standard, quality, or grade that the work was not as represented and Desormeaux represented that services had performed when they had not; that Desormeaux built the addition to her house and reroofed it in a defective manner; and that she was thereby damaged because her roof leaks and because the cost to remedy the defective work is more than $59,000. Kimberlin also asserted that her attorney's fees total more than $21,000.

Attached to the traditional motion for summary judgment are the following exhibits: a copy of the Settlement Agreement, including an estimate by Talents

Unlimited for the work; Kimberlin's Original Petition in the previous lawsuit, trial cause 16-03-03664; Kimberlin's response to interrogatories; copies of texts between Desormeaux and Barron; a report and photos from professional engineer Gerard Duhon of Engineered Foundation Solutions; a report and photos from licensed inspector Stephanie Engolio of Dragonfly Services; the affidavit of Kimberlin's attorney, attesting to the identity of the exhibits and his attorney's fees; a declaration by Kimberlin; a declaration of Gerard Duhon; a declaration of Stephanie Engolio; an estimate for "Addition tear out and rebuild" for Kimberlin from TML Home Improvement totaling $59,686.56; and certain disclosures by Desormeaux.

In a sworn declaration attached to her MSJ, Kimberlin stated that Engolio identified building code violations in the work performed, and Duhon identified defects, and that she had received a quote of "over $59,000" to repair the work. Her declaration also stated that she did not hire Barron, but rather Desormeaux did because Desormeaux did not have time to do the work himself. In another sworn declaration attached to her MSJ, Gerard Duhon, a licensed professional engineer stated that there are construction deficiencies in the rebuild work, including: an incorrect wall placement, broken and missing trim and caulking, and improper wall and roof framing. In the sworn declaration of Stephanie Engolio attached to the MSJ, Engolio noted multiple deficiencies, including: incorrectly installed sheathing, bowed studs, window openings not square, the use of cardboard as a shim,

8

incorrectly installed ceiling joists and rafters, incorrectly installed windows, chimney flashing not replaced, gaps in soffits and cement board siding, and trim board pieces of the wrong size.

(2) Traditional and No-Evidence MSJ Regarding Willard Cox, Jr. and Will Cox, Inc[.]'s Counterclaims and Affirmative Defenses

In Kimberlin's traditional and no-evidence MSJ on the Cox parties' counterclaims and affirmative defenses, Kimberlin argued that the Settlement Agreement, which named both Cox Jr. and Cox Inc., did not distinguish their duties, and it stated, "Defendants will pay[.]"

As to Cox Jr.'s liability as an individual, Kimberlin argued that Cox Jr. was a defendant in the original lawsuit, he was a party to the Settlement Agreement, and the Settlement Agreement did not distinguish between his individual duties versus the duties of Cox Inc., and counsel for the Cox parties signed the Settlement Agreement as "Counsel for Defendants Will Cox, Inc. & Willard Cox, Jr." Kimberlin attached a copy of the Settlement Agreement in support of the motion, and she argued there is no evidence that Cox was sued in the incorrect capacity because he was a party to the Settlement Agreement.

Kimberlin also argued that there is no evidence that Thomas Barron is a "responsible third party" because he was a subcontractor hired by Desormeaux d/b/a Talents Unlimited, and Desormeaux and Talents Unlimited were hired by the Cox parties. In support of this argument, Kimberlin attached a copy of the Settlement

Agreement, her own response to interrogatories, and copies of texts between Desormeaux and Barron. Kimberlin argued that Barron was "an agent under the control of Contractor Defendant."

Kimberlin also argued that the Cox parties' res judicata and collateral estoppel defenses fail because the current lawsuit is for defective work performed after the Settlement Agreement was executed, and her claim against the Cox parties in the current lawsuit is for breach of the Settlement Agreement and not for breach of the construction agreement that was the subject of the first lawsuit. According to Kimberlin, there is no evidence to support the Cox parties' res judicata defense because the claims and parties in the current lawsuit are not the same as the previous lawsuit. She also argued that there is no evidence for the Cox parties' collateral estoppel defense because the facts to be litigated in the current lawsuit are not the same as those in the previous lawsuit.

Kimberlin argued that the Cox parties' counterclaim for a bad-faith filing under the DTPA fails because she did not bring a claim against them under the DPTA. Therefore, she argues there is no evidence that her claim was groundless or brought to harass and they were not sued under the DTPA.

Finally, Kimberlin argued that the Cox parties' counterclaim under Texas Rule of Civil Procedure 13 and section 10 of the Texas Civil Practice and Remedies Code is meritless because the Cox parties' arguments lack evidentiary support.

10

Kimberlin argued that she provided reports from a professional engineer and a licensed inspector detailing defects in the rebuild at her home, which reflects a factual basis for her claims. She also argued that the Cox parties have no valid counterclaims, so they are not entitled to attorney's fees.

(3) No-Evidence and Traditional MSJ Regarding Kevin Desormeaux d/b/a Talents Unlimited's Affirmative Defenses and Third-Party Designation

In this MSJ, Kimberlin argued that there was no evidence (1) that she failed to mitigate her damages; (2) that responsible third parties caused her damages; (3) of any contributory negligence; or (4) of an independent, superseding or intervening cause of her damages. She attached the same exhibits to this MSJ as to her other MSJs.

The Cox Parties' Response to the MSJs

The Cox parties filed a Response to Kimberlin's MSJs, claiming that material fact issues preclude summary judgment. Therein, the Cox parties admitted that Cox Inc. executed the settlement agreement with Kimberlin, but they argued that Cox Inc. did not breach the settlement agreement because it did not agree to perform the rebuild. The Response also argued that Talents Unlimited was not acting as an agent of Cox Inc. but rather as Kimberlin's contractor. The Response also alleged that Kimberlin "dictated" that Barron perform the work at her house. The Cox parties also contended that a fact issue exists on the cost to remedy the defective work. Specifically, the Response noted that Kimberlin's own evidence reflects that

11

Duhon's estimate of repairs is $35,000 while TML Home Improvement's estimate is about $59,000. Although the Cox parties' Response refers to Exhibit A through F, the appellate record reflects that no exhibits were filed with the Response.

Desormeaux's Response to the MSJs

In his response to Kimberlin's MSJs, Desormeaux argued that a fact issue exists on whether he was negligent in performing the work at Kimberlin's home. He also argued that a fact issue exists about the scope of work required to remedy the allegedly defective work and the cost based on Kimberlin's own summary judgment evidence. Desormeaux also contended that it was undisputed that Kimberlin had failed to begin any repair work, which at least creates a fact issue on whether she mitigated damages. According to Desormeaux, Kimberlin "unilaterally modified the terms of [Desormeaux's] initial engagement [and] insisted [Desormeaux] use an individual that was not vetted or hired by him (or his company)[.]" Desormeaux supported this assertion with his Affidavit, in which he stated that Cox hired him for rebuild work at Kimberlin's house; Kimberlin disregarded his advice that her current slab was not sufficient for the rebuild work; Kimberlin advised Desormeaux that she wanted to use Barron as the general contractor on the rebuild; he did not hire Barron, "had no control over" Barron, and did not pay Barron directly; he made no misrepresentation to Kimberlin; and he was not informed of any leaks until the lawsuit was filed.

Summary Judgments and Final Order

The trial court granted all three of Kimberlin's MSJs, and about two months later, the trial court rendered a Final Judgment finding the Cox parties liable for breach of contract, finding Desormeaux d/b/a Talents Unlimited negligent and violations of the DTPA, and stating the Defendants are jointly liable for actual damages in the amount of $59,000. The trial court also awarded Kimberlin attorney's fees totaling $25,158.

The Cox parties filed a Motion for New Trial in which they argued that there was no evidence they performed the rebuild work at Kimberlin's home nor that they agreed to pay for the work and that a fact issue exists on attorney's fees. No exhibits were attached to the motion. Desormeaux filed a Motion for New Trial arguing that he produced more than a scintilla of evidence to support his defenses and that fact questions exist that preclude summary judgment for Kimberlin. The motions were overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). The Cox parties and Desormeaux filed notices of appeal.

Issues

We first note that although Desormeaux filed a notice of appeal, he did not file a brief, even after this Court granted multiple extensions of time. We sent Desormeaux a letter warning that failure to submit a brief may result in dismissal for want of prosecution. So, in our analysis, our reference to "Appellants" refers to the

13

Cox parties. *See* Tex. R. App. P. 38.8(a)(2) (in the absence of a brief, a reviewing court may "decline to dismiss the appeal and give further direction to the case as it considers proper[]").

On appeal, Appellants challenge the trial court's orders granting summary judgment for Kimberlin. Appellants raise six issues, and we read Appellants' first three issues to argue generally that the trial court erred by granting summary judgment for Kimberlin because genuine material fact issues exist. Appellants' fourth issue argues that the trial court erred by awarding attorney's fees and that the matter should be submitted to a jury. Appellants' fifth issue argues that the trial court erred by granting summary judgment, and the Defendants had a "Constitutional Right to rely on the jury to decide the facts." And in a sixth issue, Appellants argue that neither they nor their attorney should be "liable" because the court clerk failed to include in the record the exhibits to their response to Kimberlin's MSJs.

Standard of Review

"Rule 166a provides a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine fact issue." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999) (citing *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972)). We review summary judgments under a de novo standard of review. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). We have jurisdiction to review the trial court's orders on

14

summary judgment because "[w]hen a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment." *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *see also Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) (per curiam) ("[T]he party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues.").

"Traditional summary judgment is proper if there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and the movant is entitled to judgment as a matter of law." *Inwood Nat'l Bank v. Fagin*, 706 S.W.3d 342, 346-47 (Tex. 2025) (citing Tex. R. Civ. P. 166a(c); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017)). In reviewing a traditional motion for summary judgment, we review the evidence "in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the motion." *Lightning Oil*, 520 S.W.3d at 45. A nonmovant who fails to raise any issues in response to a traditional summary judgment motion may still challenge on appeal the legal sufficiency of the grounds presented by the movant. *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022) (citing *Amedisys, Inc. v. Kingwood*

*Home Health Care, LLC*, 437 S.W.3d 507, 512 (Tex. 2014)); *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502, 502 (Tex. 1979) (per curiam); *Fielding v. Tullos*, No. 09-17-00203-CV, 2018 Tex. App. LEXIS 7136, at \*\*18-19 (Tex. App.—Beaumont Aug. 30, 2018, no pet.) (mem. op.).

We review a no-evidence summary judgment under the same standard as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to each challenged element of its cause of action. *Id.* at 582. In reviewing a no-evidence summary judgment, we must consider all the evidence "'in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam) (quoting *Mack Trucks, Inc.*, 206 S.W.3d at 582). A no-evidence summary judgment is properly granted when

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact.

16

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal quotations omitted). A court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i).

In this case, Kimberlin (the plaintiff) moved for a partial summary judgment on the Defendants' affirmative defenses. An affirmative defense is an independent reason why a plaintiff should not recover, and ordinarily, the party asserting an affirmative defense has the burden of both pleading and proving the defense. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 156-57 (Tex. 2015); *In re Bullock*, 146 S.W.3d 783, 791 (Tex. App.—Beaumont 2004, no pet.) (citing *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991)). Therefore, a plaintiff may prevail on a no-evidence MSJ by showing there is no evidence on the defenses on which the defendants would have the burden of proof at trial. *See Allen v. W.A. Virnau & Sons, Inc.*, 28 S.W.3d 226, 231 (Tex. App.—Beaumont 2000, pet. denied). The defendants may defeat a plaintiff's motion for summary judgment by producing evidence that raises a fact issue on their affirmative defenses. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

A motion for summary judgment must stand on its own merits. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see also Weekley Homes*, 646 S.W.3d at 826. The movant must establish her entitlement to a summary judgment by conclusively proving all essential elements of her cause of action or

17

defense as a matter of law. *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Rhone-Poulenc, Inc.*, 997 S.W.2d at 222-23 (citing *Oram v. Gen. Am. Oil Co.*, 513 S.W.2d 533, 534 (Tex. 1974); *Swilley*, 488 S.W.2d at 67-68)).

Appellants filed a "Motion to Include Clerk's Record of Missing Documents" with the County Court at Law No. 2 on August 27, 2024—about ten months after they filed their response to Kimberlin's MSJs. Attached to the motion are six exhibits Appellants contend were filed but were "some how [] missing from the trial court's record." Our appellate record includes a letter from the clerk of court stating that the exhibits were "not on file in this office [and] were not previously filed in the case[.]" Appellants also attached these exhibits to their brief. A reviewing court may not consider evidence that was not before the trial court at the time it made its decision. *See Williams v. Williams*, No. 09-24-00005-CV, 2024 Tex. App. LEXIS 6502, at *5 n.1 (Tex. App.—Beaumont Aug. 29, 2024, no pet.) (mem. op.) (citing *Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961)); *see also Spiritas v. Davidoff*, 459 S.W.3d 224, 231 (Tex. App.—Dallas 2015, no pet.). With limited exceptions not relevant to this appeal, an appellate court may not consider materials outside the appellate record. *See Williams*, 2024 Tex. App. LEXIS 6502, at *5 n.1 (citing *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.)).

18

That said, Texas Rule of Civil Procedure 166a does not require that a nonmovant's evidence in response to a motion for summary judgment be "attached" to the response but only that it is on file at the time the hearing on the motion for summary judgment or filed thereafter and before judgment with the trial court's permission. *See Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004); *see also State v. Three Thousand, Seven Hundred Seventy-Four Dollars and Twenty-Eight Cents U.S. Currency ($3,774.28)*, No. 24-0258, 2025 Tex. LEXIS 401, at **11-16 (Tex. May 16, 2025) (explaining that a nonmovant need not attach evidence that is already in the court's record to its response, but it must affirmatively point out any such evidence already on file that raises a fact issue). Therefore, we may consider evidence already on file with the trial court at the time it ruled on the MSJs. *See id.* The Cox parties referred to several exhibits in their Response that were already on file with the trial court at the time the trial court ruled on the MSJs, including the alleged Settlement Agreement, filed November 16, 2021, the Report of Engineer Duhon, filed September 7, 2023, and the Estimate from Talents Unlimited, filed September 7, 2023.

Analysis

Kimberlin's Traditional MSJ Regarding Her Claims Against Defendants

*a. Breach of Contract by the Cox Parties*

A plaintiff claiming breach of contract must prove: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages as a result of the breach. *Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 674 (Tex. App.—Beaumont 2005, no pet.); *see also S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). Kimberlin asserts in her MSJ that the Cox parties breached the Settlement Agreement. Kimberlin filed her declaration as evidence supporting her MSJ, and therein, she asserts that "The Cox Defendants breached the settlement agreement in multiple ways." Her declaration states as follows:

> The Cox Defendants hired Kevin Desormeaux d/b/a Talents Unlimited ("Contractor Defendant") to rebuild my addition and reroof my house after the Cox Defendants defectively roofed the house and defectively built the addition.
> . . .
> First, Contractor Defendant constructed the addition in a defective manner, so Cox Defendants breached the first term in the agreement.

The Settlement Agreement states, "Defendants will pay $2,500 to cover a portion of her attorneys' fees and court costs within twenty-one days with the check payable to 'Jacobs O'Hara McMullen, P.C. and Kathleen Kimberlin[.]'" Kimberlin has not alleged that the Cox parties failed to pay the $2,500, and the record includes a copy

20

of a check for $2,500 made payable to Jacobs O'Hara McMullen, P.C. (Kimberlin's attorneys) and Kathleen Kimberlin that the Cox parties attached as an exhibit to their Answer. To the extent Kimberlin contends that the Cox parties breached the agreement because Talents Unlimited performed defective work in rebuilding the "addition and reroofing" her home we conclude that the affidavit which was filed by Desormeaux with his response to the motion for summary judgment and the terms of the settlement agreement establish a genuine issue of material fact on the scope of the settlement agreement and the alleged breach thereof.

In their Answer, the Cox parties asserted that Kimberlin's claims were barred by res judicata and collateral estoppel. In her MSJ on the Cox parties' affirmative defenses and counterclaims, she argues that the Cox parties' res judicata and collateral estoppel defenses fail because the current lawsuit is for subsequent defective work under the Settlement Agreement. She argues that her lawsuit "is for breach of the settlement agreement, not breach of the construction agreement in the first lawsuit." We conclude a fact issue exists about whether all the allegedly defective work was included within the scope of the alleged Settlement Agreement or part of the construction agreement in the first lawsuit.

Kimberlin's MSJ further argues that Cox Jr. was sued in the correct legal capacity because the Settlement Agreement states, "our clients agree to the following terms" and "Defendants will pay[.]" However, the Cox parties attached Cox Jr.'s

21

affidavit to their Original Answer, and therein he states, "I am sued in the wrong capacity, and I am not liable in my personal capacity." Therefore, we conclude that a genuine issue of material fact exists on Cox Jr.'s intent to be bound by the Settlement Agreement. *See Foreca, S.A. v. GRD Dev. Co., Inc.*, 758 S.W.2d 744, 746 (Tex. 1988) (where the nonmovant contests its intent to be bound, a fact issue exists); *see also Scott v. Ingle Bros. Pac., Inc.*, 489 S.W.2d 554, 557 (Tex. 1972) ("[I]ntention is usually an inference to be drawn by the fact finder from other facts and circumstances.") (internal citation omitted).

Kimberlin was also required to prove that any alleged breach by the Cox parties was the producing cause of the damages she claims. *See Trahan*, 179 S.W.3d at 674. Kimberlin's MSJ alleges that "[t]he Cox Defendants' agent built the addition in a defective manner." In her declaration, Kimberlin alleges that the Cox parties hired Desormeaux for the rebuild and Desormeaux hired Barron; however, in his affidavit, Desormeaux states that, although he was hired by Cox Jr., Kimberlin insisted that Barron act as general contractor on the rebuild. A fact issue exists under the Settlement Agreement on who performed the rebuilt construction, and a fact issue exists on whether there was an agency relationship between the Cox parties and Desormeaux and Barron and also who caused the alleged defects in construction. We also note that Kimberlin's own summary judgment evidence creates a fact issue on the alleged damages because she presented three different estimates of the cost

22

to repair: engineer Gerard Duhan's report estimates the cost of repair as $35,000; contractor Ken Carpenter estimated the cost to repair as $46,919.96; and the estimate by contractor TML Home Improvement estimates the cost of repair as $59,686.56. Therefore, we conclude the trial court erred in granting the motion for summary judgment because there are genuine issues of material fact on her claim against the Cox parties for breach of contract. *See* Tex. R. Civ. P. 166a(c).

### b. Negligence by Desormeaux

"The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). According to Kimberlin's MSJ, Desormeaux breached his duty to perform in a workmanlike manner and to use ordinary care because the construction on her house was defective and because her house leaks as a result of the defective work. The declaration of licensed engineer Gerard Duhon outlines defects he observed in the rebuild work, but his declaration does not identify who performed the defective work. The declaration of licensed inspector Stephanie Engolio also lists numerous deficiencies in the rebuild work, but she, too, does not identify who performed the defective work. Kimberlin's declaration states that the Cox parties hired Desormeaux and that Desormeaux hired Barron. However, Desormeaux's affidavit states, "[b]efore I began any work, Ms. Kimberlin informed me that she wanted to use Thomas Barron as the general

23

contractor[]" and "Ms. Kimberlin demanded that I use Thomas Barron to perform the work[.]" On this record, we conclude that a fact issue exists on whether Desormeaux breached a duty of care to Kimberlin and whether Desormeaux caused the damages that Kimberlin claims. *See* Tex. R. Civ. P. 166a(c); *Doe*, 907 S.W.2d at 477.

### c. DTPA Claim Against Desormeaux

The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe*, 907 S.W.2d at 478 (citing Tex. Bus. & Com. Code Ann. § 17.50(a)(1)). A claimant must establish that she is a consumer—that is, either she purchased or leased goods or services, or she was the beneficiary of goods or services purchased or leased for her. *Id.* at 478-79 (citing Tex. Bus. & Com. Code Ann. § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 (Tex. 1981)); *see also Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 815 (Tex. 1997).

Kimberlin's MSJ alleges that Desormeaux represented that his services were of a particular quality, but they were not, and that Desormeaux represented that services had been performed when they had not. We find no evidence in the record of any representation allegedly made by Desormeaux. Kimberlin's declaration states that Desormeaux repeatedly told her he would start working but then repeatedly

24

delayed. As we have already observed herein, Desormeaux's affidavit states that he did not choose Barron, but rather Kimberlin insisted that Barron act as general contractor on the project. Desormeaux's affidavit also states that he advised Kimberlin that the existing slab at her house was not sufficient to support the new construction, but she rejected his advice on this point. Desormeaux states that he advised Kimberlin that Barron was not a licensed engineer or contractor, but Kimberlin "demanded" that Barron perform the work. On this record, we find that a genuine issue of a material fact exists on whether Desormeaux made a deceptive representation to Kimberlin that was a producing cause of her claimed damages. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(1); *Doe*, 907 S.W.2d at 478. Therefore, the trial court erred in granting the motion for summary judgment against Desormeaux. *See* Tex. R. Civ. P. 166a(c).

## Conclusion

We conclude that the trial court erred by granting summary judgment for Kimberlin on her traditional MSJ against the Cox parties for breach of contract and against Desormeaux for her claims of negligence and claims under the DTPA. *See id.* We need not reach Appellants' remaining issues because a determination of those issues would not result in any greater relief. *See* Tex. R. App. P. 47.1; *Ho v. Johnson*, No. 09-15-00077-CV, 2016 Tex. App. LEXIS 1668, at *46 (Tex. App.—Beaumont Feb. 18, 2016, pet. denied) (mem. op.).

25

We conclude that material fact issues exist that preclude summary judgment and that Kimberlin did not show she is entitled to summary judgment as a matter of law on her claims. *See* Tex. R. Civ. P. 166a(c). We sustain Appellants' first three issues, and we reverse the Final Judgment and remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.


LEANNE JOHNSON
Justice

Submitted on December 5, 2024
Opinion Delivered July 10, 2025

Before Johnson, Wright and Chambers, JJ.

26